## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

Joseph D. Morrissey

September 3, 2014

Case No. CR14-1785/1789-00F

BY JUDGE J. MARTIN BASS

The Court, having heard argument on the Motion to Disqualify Prosecutor and Dismiss Indictments in the above referenced case, took the matters under advisement and herewith submits the ruling and direction for preparation of an Order to be entered herein.

The disqualification of a prosecutor is a decision committed to the sound discretion of the Court. In general, the issue arises either as a result of allegations of direct personal interest on the part of the prosecutor calling into question his or her objectivity and impartiality or as a result of a pre-existing attorney-client relationship where privileged information is obtained adverse to a defendant's interests.

In the instant case, the allegation is that Mr. Neely bears personal animosity against the Defendant and/or is motivated by something other than seeking the ends of justice, such that he is neither impartial nor objective in carrying his professional responsibilities in the case.

Further, defendant alleges that this prosecutor's conduct, justifying the Court's disqualification of him, should result in dismissal of the indictments for the technical misapplication of statutory requirements and on the ground of personal vindictiveness.

The Court rejects the argument of the Defendant that the indictments are fatally defective by virtue of the Commonwealth's misapplication of statutory procedures or failure to comply with the requirements of the law as to the authority of a special grand jury to issue indictments when that body has been empaneled upon request of the Commonwealth's Attorney.

Giving the language of statutes their plain meaning and construing the statutes of Title 19.2 in harmony with one another, the Court finds that § 19.2-206 authorizes a special grand jury to consider and to hand down

a true bill against an individual. The provisions of § 19.2-206(A)(iii) are written in the conjunctive. A special grand jury empaneled upon request of a Commonwealth's Attorney is authorized to investigate and report on any condition that involves or tends to promote criminal activity, *and* a special grand jury convened by such request is authorized consider bills of indictment. Section 19.2-214 then, read in harmony with § 19.2-206, provides that any indictment that follows as a result of a report is to be prepared by the Commonwealth's Attorney and presented to a regular grand jury. The Court considers that "report" as used in § 19.2-214 refers to a report on conditions that tend to promote criminal activity, a task authorized by the first half of § 19.2-206(A)(iii).

The Court thus rejects the defense position that any and all indictments returned by a special grand jury must thereafter be presented to a regular grand jury. To do otherwise would turn on its head established procedure whereby special grand juries convened at the request of a Commonwealth's Attorney returned indictments marked true bills against individuals.

That portion of the Motion seeking dismissal of the indictments for failure to comply with the requirements of Title 19.2, Code of Virginia (1950), as amended, is denied.

The Court has reviewed the record, the pleadings, and memoranda in support of and in opposition thereto and has considered the arguments of counsel on the issue of alleged impropriety and personal animosity of the prosecutor. Much of the conduct complained of by the Defendant in support of his claim of vindictiveness has been addressed in his Motion and the prosecutor's response thereto, available to the media by review of the file and/or in his and his counsel's and the prosecutor's statements to the media. Both the Commonwealth and the Defendant have referred to disclosure of a possible misdemeanor plea agreement in their pleadings available to the media and/or in statements directly to the media; likewise, both the Commonwealth and the Defendant have referred to the "Bill of Particulars." The defense says the Bill was neither requested nor ordered and its disclosure renders the indictment process invalid and constitutes a violation of the prohibition against a prosecutor appearing at any stage other than the investigative stage of the special grand jury's proceeding. The prosecutor has said that the Bill of Particulars was made a part of the file as a means of "leveling the playing field" and was a "summary" of the evidence presented to the special grand jury.

The Court rejects the position of the Defendant that his submission of the document and making it a part of the file is equal to his being present at the time the special grand jury is in deliberation.

The Commonwealth refers to his offer to allow the Defendant to present evidence to the special grand jury as "extraordinary." The defense asserts that it was permission given with very little time for preparation and with limitations and that the prosecutor "belittled" the evidence Defendant did present.

The Court finds the Commonwealth's agreement to allow the Defendant to present evidence to a special grand jury, an unusually evenhanded and, in the Court's experience, an unprecedented gesture, especially in light of the Court's familiar charge to the grand jury that explains it will hear evidence from the government and not an accused.

It is not the task of the Court to determine in the analysis of this Motion today whether principles of professional responsibility, with particular reference to pre-trial publicity, have been complied with. That may be for another decision maker another day.

The appellate decisions of the Commonwealth refer to the purpose of secrecy of a special grand jury proceeding as being recognized or designed to protect the proceedings from public exposure, to protect the reputation of individuals suspected and/or accused of wrongdoing, and to promote public cooperation in investigations by providing some anonymity and reducing the risk of recrimination against those who might testify before such a body. As stated to the record at the conclusion of the hearing on this Motion, neither side appears to have been particularly concerned with the secrecy of a grand jury proceeding.

This Court must determine whether this prosecutor is to be disqualified as a result of the Defendant having met his burden of showing prosecutorial vindictiveness and personal animosity. The federal authority cited by the Defendant clearly informs the analysis in the holdings that a prosecutor may not engage in fundamentally unfair tactics or inflame the grand jury nor fail to respect the status of the grand jury as an independent legal body. With specific reference to the defense characterization of Neely's behavior as "egregious," referring to the misdemeanor offer addressed by both the Commonwealth and the defense as referred to above, the context is relevant. Neely clearly did disclose the Defendant's non-acceptance of a misdemeanor offer in response to a question of a member of the grand jury, and he likewise goes to say it is that body's decision as to whether the government demonstrated probable cause as to commission of a felony, a misdemeanor, or nothing at all.

Neely conceded professional disdain for the Defendant, but he has stated to the record, as an officer of the court, that he has no personal disdain for the Defendant.

The Court, upon consideration of all of the record and arguments finds that the Defendant has failed to demonstrate prosecutorial vindictiveness, personal animus, or otherwise such improper conduct on the part of the prosecutor amounting to a conflict of interest requiring his removal.

The Motion to Dismiss Indictments and Disqualify Prosecutor is denied. The Clerk will prepare for the Court's entry the Order, consistent with this letter, denying the Defendant's Motion. Trial of this matter remains set for December 15, 2014.